**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION**

| | |
|---|---|
| **DOUBLE DIAMOND C MINERAL, LLC** on behalf of itself and a class of similarly situated persons, | )<br>)<br>)<br>) **Civil Action No.:** |
| **Plaintiff** | )<br>) |
| v. | )<br>) |
| **ZAVANNA, LLC** | )<br>) |
| **Defendant.** | ) |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Double Diamond C Mineral, LLC ("Double Diamond"), on behalf of itself and the Class defined below, for its Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Zavanna, LLC ("Zavanna"), alleges:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this class action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (a) Double Diamond has brought this case as a class action; (b) the Class proposed by Double Diamond exceeds 100 members; (c) the proposed Class contains at least one Class member who is a citizen of a state different from the states where Zavanna is deemed to be a citizen; and (d) the amount in controversy on the claims of the proposed Class members exceeds the sum of $5,000,000, exclusive of interest and costs.

2. This Court has personal jurisdiction over Zavanna because Zavanna has conducted substantial business in the State of North Dakota, and because a substantial portion of the acts and

conduct of Zavanna giving rise to the claims asserted in this class action occurred in the State of North Dakota.

3. Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district because a substantial part of Zavanna's conduct giving rise to the claims alleged in this class action occurred in this judicial district.

## PARTIES

4. Plaintiff Double Diamond is a limited liability company organized under the laws of North Dakota, and its principal place of business is located at 409 13th Avenue West, Williston, ND 58801.

5. Defendant Zavanna is a limited liability company organized under the laws of the State of Colorado, and its principal place of business is located at 1200 17th Street Suite 1100, Denver, Colorado, 80202-5811.

## CLASS DEFINITION

6. Double Diamond brings this class action on behalf of itself and a Class of similarly situated persons consisting of:

> All persons to whom Zavanna has paid royalties on oil produced from wells located in the State of North Dakota since July 1, 2010, pursuant to leases or overriding royalty agreements which require Zavanna "[t]o deliver to the credit of Lessor, free of cost, in the pipeline to which Lessee may connect wells on said land, the equal [a specified percentage] of all oil produced and saved from the leased premises."
>
> The Class excludes: (a) the United States; and (b) Zavanna and its affiliated entities, and their respective employees, officers and directors.

## FACTUAL ALLEGATIONS

7. On May 24, 2004, Marlin C. Hanson and Wanda Hanson (collectively, the "Hansons"), as lessors, entered into an oil and gas lease with Diamond Resources, Inc., as lessee, pertaining to leased premises located in the State of North Dakota (the "2004 Lease"). On September 9, 2013, the Hansons assigned their lessors' interests under the 2004 Lease to Double Diamond C Mineral, LLC. At some point on or before July 17, 2007, Zavanna acquired the lessee's interests under the 2004 Lease, and Zavanna has continued to own the lessee's interests under the 2004 Lease at all times since acquiring said interests.

8. The 2004 Lease, as amended, contains the following oil royalty provision, under which the lessee agrees "[t]o deliver to the credit of the lessor, free of cost, in the pipeline to which lessee may connect wells on said land, the equal [one-sixth 1/6)] part of all oil produced and saved from the leased premises." The oil royalty provisions of the 2004 Lease provides for a one-eighth royalty (1/8). However, paragraph 1 of Exhibit A, attached to the 2004 Lease, contains the provision stating that "The term one-eighth (1/8th) as used to refer to royalty under the terms of this lease shall be amended to read one-sixth (1/6th)."

9. On January 13, 2009, the Hansons, as lessors, entered into an oil and gas lease with Diamond Resources, Inc., as lessee, pertaining to leased premises located in the State of North Dakota (the "January 2009 Lease"). On September 9, 2013, the Hansons assigned their lessors' interests under the January 2009 Lease to Double Diamond C Mineral, LLC. On December 31, 2009, Diamond Resources, Inc. assigned its lessee's interests under the January 2009 Lease to Zavanna, and Zavanna has continued to own the lessee's interests under the January 2009 Lease at all times since December 31, 2009.

10. On October 27, 2009, the Hansons, as lessors, entered into an oil and gas lease with Diamond Resources, Inc., as lessee, pertaining to leased premises located in the State of North Dakota (the "October 2009 Lease"). On September 9, 2013, the Hansons assigned their lessors' interests under the October 2009 Lease to Double Diamond C Mineral, LLC. On December 31, 2009, Diamond Resources, Inc. assigned its lessee's interests under the October 2009 Lease to Zavanna, and Zavanna has continued to own the lessee's interests under the October 2009 Lease at all times since December 31, 2009.

11. The January 2009 Lease and the October 2009 Lease contain an identical oil royalty provision, under which the lessee agrees "[t]o deliver to the credit of the lessor, free of cost, in the pipeline to which lessee may connect wells on said land, the equal three-sixteenths (3/16ths) part of all oil produced and saved from the leased premises."

12. At various times since Zavanna acquired its lessee's interests under the 2004 Lease, the January 2009 Lease, and the October 2009 Lease (collectively, the "Leases"), Zavanna has produced and sold oil from wells subject to the Leases, and has paid royalties to Double Diamond on such oil production.

13. Zavanna has not delivered any oil in kind to Double Diamond from wells subject to the Leases.

14. At various times since acquiring its interests, Zavanna, in its calculation and payment of royalties to Double Diamond on oil sales subject to the Leases, has improperly deducted from the sale price of the oil various costs related to transporting the oil from the well to and through a transportation pipeline, related to transporting the oil to a delivery point where the oil has been sold to third parties, and has improperly deducted other costs not permitted under the terms of the applicable Leases. The costs which Zavanna has improperly deducted from the sales price of the

oil have included costs which Zavanna, in the royalty statements sent to Double Diamond, describes as "MK" and "PF."

15. Zavanna's deduction of the above-referenced costs in its calculation of royalties paid to Double Diamond on oil sales is not permitted under the oil royalty provisions referenced in Paragraphs 8 and 11 of this Complaint, and Zavanna has materially breached its contractual obligations to Double Diamond under the Leases by taking such deductions in its calculation and payment of royalties to Double Diamond.

16. Double Diamond has sustained substantial damages as a result of Zavanna's breach of its contractual obligations to Double Diamond under the Leases.

17. In addition to Double Diamond, each member of the proposed Class has an interest in a lease or overriding royalty agreement which contains or is subject to the same oil royalty provision that is set forth in the Leases, and under which Zavanna has owned the lessee's interest, or with respect to overriding royalty agreements, has been obligated to pay the royalties to the owner of the overriding royalty interest. Zavanna, in its calculation and payment of royalties on oil sales to the members of the Class, has engaged in the same method of royalty accounting which it utilizes to pay royalties to Double Diamond on oil sales, in that Zavanna has deducted from the sales price of the oil the various costs referenced in Paragraph 14 of this Complaint at various times since July 1, 2010.

18. Zavanna has not delivered any oil in kind to any member of the proposed Class from wells subject to the leases or overriding royalty agreements described in the Class definition set forth in Paragraph 6 of this Complaint.

19. Zavanna, in deducting the above-referenced costs in its calculation of royalties paid to the Class members on oil sales, has materially breached its contractual obligations to the Class

members under the leases and overriding royalty agreements described in the Class definition set forth in Paragraph 6 of this Complaint.

20. As a direct result of Zavanna's breach of its contractual obligations to the members of the Class, the royalties owed to the Class members have been substantially underpaid, and the Class members have sustained substantial damages.

## CLASS ACTION ALLEGATIONS

21. The proposed Class, which consists of more than one hundred persons, is so numerous that joinder of all Class members in this litigation is impracticable.

22. There are questions of law or fact common to the claims of the Class members against Zavanna, including, but not limited to: (1) whether Zavanna's deduction of the above-referenced costs in its calculation of royalties paid to the Class members is a material breach of Zavanna's obligations to the Class members under the leases and overriding royalty agreements at issue; and (2) the proper method for calculating the royalty underpayments resulting from Zavanna's improper deduction of the above-referenced costs from the sales price of the oil in its payment of royalties to the Class members.

23. The claims of Double Diamond against Zavanna are typical of the claims of the Class members against Zavanna.

24. Double Diamond will fairly and adequately protect the interests of the Class members regarding their claims against Zavanna.

25. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members of the Class.

26. A class action is superior to other available methods for fairly adjudicating this controversy.

**FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT**

27. The allegations contained in Paragraphs 1 through 26, inclusive, are restated and incorporated by reference herein.

28. Zavanna has breached its obligations to Double Diamond and the Class members under the leases and overriding royalty agreements at issue, in the manner described above.

29. Double Diamond and the Class members have sustained substantial damages as a direct result of Zavanna's breaches of its royalty payment obligations to Double Diamond and the Class under the leases and overriding royalty agreements at issue.

30. Pursuant to N.D.C.C. § 47-16-39.1, Double Diamond and the Class members are entitled to recover prejudgment interest on the full amount of each royalty underpayment, at a rate of eighteen percent per annum, calculated from the date of each underpayment through the date of judgment, as well as court costs and attorney's fees.

31. Double Diamond and the Class members are entitled an eighteen percent per annum interest rate pursuant to N.D.C.C. § 47-16-39.1 because Zavanna failed to pay oil royalties within 150 days after oil produced under the leases and overriding royalty agreements at issue is marketed, and Double Diamond and the Class members are not seeking to cancel their leases and overriding royalty agreements as a remedy for such failure.

**SECOND CLAIM FOR RELIEF – DECLARATORY JUDGMENT**

32. The allegations contained in Paragraphs 1 through 31, inclusive, are restated and incorporated by reference herein.

33. A controversy exists between Double Diamond, the Class, and Zavanna regarding the correct method for Zavanna's calculation and payment of future royalties on oil sales under the leases and overriding royalty agreements at issue.

34. Double Diamond requests that the Court enter a declaratory judgment declaring that Zavanna is required to pay future royalties to Double Diamond and the Class members under the leases and overriding royalty agreements at issue without taking the deductions referenced in Paragraph 14 of this Complaint.

## PRAYER FOR RELIEF

Double Diamond prays for the following relief:

1. An Order finding that the claims asserted by Double Diamond on behalf of the defined Class should be certified as a class action pursuant to Fed. R. Civ. P. 23(b)(3), that Double Diamond be appointed as the Class Representatives for the certified Class, and that Double Diamond's attorneys be appointed as Class Counsel for the certified Class;

2. A judgment in favor of Double Diamond and the Class members on their claim for Zavanna's breaches of the leases and overriding royalty agreements at issue, for the full amount of royalty underpayments, plus applicable prejudgment interest pursuant to N.D.C.C. § 47-16-39.1;

3. A declaratory judgment declaring the appropriate method for Zavanna's calculation of future royalties on oil sales under the leases and overriding royalty agreements at issue, in accordance with the relief prayed for by Double Diamond in Paragraph 34 of this Complaint;

4. An award of court costs and attorneys' fees pursuant to N.D.C.C. § 47-16-39.1; and

5. For such additional relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Double Diamond requests a jury trial on all matters so triable.

VOGEL LAW FIRM

By: */s/ Joshua A. Swanson*

Joshua A. Swanson, ND Bar No. 06788
R.J. Pathroff, ND Bar No. 07759
218 NP Avenue
Fargo, ND 58102
(701) 237-6983
jswanson@vogellaw.com
rpathroff@vogellaw.com

.

LAW OFFICES OF GEORGE A. BARTON, P.C.

By: */s/ George A. Barton*
George A. Barton Mo. Bar No. 26249
7227 Metcalf Avenue, Suite 301
Overland Park, KS 66204
(913) 563-6250
gab@georgebartonlaw.com

**ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASS**